UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
DEC 12 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 04 CR 637-1 |
| ) | |
| RICARDO NUNO-CASTELLANOS ) | |

### NOTICE OF FILING

TO:  A.U.S.A. Juliet Sorensen        Clerk of United States District Court
     U.S. Attorney's Office           219 S. Dearborn Street, Room 2050
     219 S. Dearborn Street – 5th Floor   Chicago, Illinois 60604
     Chicago, Illinois 60604

     Gervacio Lopez                  Honorable Mark Filip
     United States Probation Officer  U.S. Courthouse
     55 East Monroe – Suite 1500     219 S. Dearborn St., Room 1723
     Chicago, Illinois 60603         Chicago, Illinois 60604

PLEASE TAKE NOTICE that on the 9th day of December, 2005, we caused to be filed with the Clerk of the United States District Court the enclosed Defendant's Objections to Presentence Investigation Report and Request for Downward Departure, a copy of which is attached.

_____
Ronald H. Merel

### CERTIFICATE OF SERVICE

I, Ronald H. Merel, an attorney, hereby certify that I served a copy of the above Notice of Filing and attached Defendant's Objections to Presentence Investigation Report and Request for Downward Departure by mailing same on or before the hour of 5:00 p.m. on the 9th day of December, 2005 properly addressed and stamped.

_____
Ronald H. Merel

RONALD H. MEREL & ASSOCIATES
Attorneys for Defendant
5225 Old Orchard Road, Suite 50
Skokie, Illinois 60077
(312) 644-1911

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC **FILED**
DEC 1 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 04 CR 637-1 |
| ) | |
| RICARDO NUNO-CASTELLANOS ) | |

### DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND REQUEST FOR DOWNWARD DEPARTURE

NOW COMES the Defendant, RICARDO NUNO-CASTELLANOS, by and through his Attorney, RONALD MEREL, and respectfully alleges the following objection to the Presentence Investigation Report prepared in this case. Specifically, Part E Line 377 <u>Factors That May Warrant Departure</u>, where the Probation Officer alleges "he has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines." The defense objections are based upon the following reasons:

1. Defendant's mother was seriously ill which is why Defendant returned to United States.

2. Defendant voluntarily surrendered himself on the bond forfeiture warrant in case number 95CR0704201.

3. Commentary on 2B1a(11) states "the reason for amendment is in response to concerns raised that the sixteen (16) Level enhancement sometimes results in disproportionate penalties for some defendants."

4. It is our contention that the Defendant is being penalized twice for the same crime; (1) the crime of which he committed in 1985, 86CR0502401, Aggravated Battery, initially caused

him to be deported in 1997. Now, the same crime is causing a sixteen (16) Level increase in his offense level.

In addition, the other crime of Aggravated Criminal Sexual Abuse, 95CR0704201, listed by the Government, Defendant was given probation, unusual in light of Defendant's background. The State nolle prossed two (2) Counts of Criminal Sexual Assault which were Class 1 Felonies, which the State knew they could not prove beyond reasonable doubt, and probation was given to a man who normally would not be eligible for such a sentence, lending credence to the belief that the consensual sex between the two participants was a case that maybe should not have been charged in the first place with the victim's mother was the one who pushed for charges to be filed.

5. Regarding the term "prior sentence" which is defined at § 4A1.2(a), it further states "certain prior sentences are not counted . . ."

"A sentence imposed more the fifteen (15) years prior to the Defendant's commencement of the instant offense is not counted unless the Defendant's incarceration extended into this fifteen (15) year period." See § 4A1.2(e). In the instant case the Defendant's incarceration began in 1987 and would seem to extend into this fifteen (15) year period. However, the conviction was ultimately overturned, and the Defendant released in a plea agreement for time served. There are certainly some questions to be raised regarding the conviction being overturned by the Illinois Supreme Court and whether that reversal would challenge the issue as to whether the fifteen (15) year rule, previously mentioned in § 4A1.2(a) should apply

WHERFORE, for all of the aforementioned arguments, combined with the over twenty (20) letters from family, friends and employers of the Defendant, it is our fervent hope that this Court will, as it has the power and authority to do so, depart from the guidelines in the instant case and sentence the Defendant to twelve (12) months incarceration.

Respectfully submitted,

_____
Ronald H. Merel

## CERTIFICATE OF SERVICE

I, Ronald H. Merel, do hereby certify, swear, subscribe, and attest that I did serve Defendant's Objections to Presentence Investigation Report and Request for Downward Departure by mailing this to the Clerk of the United States District Court, Northern District of Illinois, A.U.S.A. Juliet Sorensen, United States Probation Officer Gervacio Lopez and the Honorable Mark Filip on this day, December 9, 2005, by regular U.S. Mail before 5:00 p.m.

_____
Ronald H. Merel

RONALD H. MEREL & ASSOCIATES
Attorneys for Defendant
5225 Old Orchard Road, Suite 50
Skokie, Illinois 60077
(312) 644-1911

3